Abby M. Sonin
Law Offices of Sonin & Genis
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANEKA N. ROSE, as ADMINISTRATRIX OF THE ESTATE OF MARCUS GREGORY BROWN, and MICHAEL ISLER,<br><br>　　　　　　Plaintiffs<br><br>-against-<br><br>CITY OF WATERBURY, WATERBURY POLICE DEPARTMENT, SAINT MARY'S HOSPITAL, P.O. ADRIENNE SANCHEZ, And "John Does I-XX", whose names and identities are not currently known.<br>　　　　　　Defendants. | Case No.: 3-12-CV-0291-VLB<br>Partial Opposition to CITY OF WATERBURY, WATERBURY POLICE DEPARTMENT and P.O. ADRIENNE SANCHEZ's Partial Motion to Dismiss |

　　　NOW COMES the plaintiffs, SHANEKA N. ROSE, as ADMINISTRATRIX OF THE ESTATE OF MARCUS GREGORY BROWN, and MICHAEL ISLER, and oppose, in part, the defendants CITY OF WATERBURY, WATERBURY POLICE DEPARTMENT and P.O. ADRIENNE SANCHEZ's Partial Motion to Dismiss.

**Defendant, City of Waterbury ("City") states the Waterbury Police Department cannot be sued as it has no independent legal standing. Implicit in that argument is an acknowledgement that the City of Waterbury, as the municipality that operates and controls the Waterbury Police Department, is responsible for acts and omissions of the Waterbury Police. If this the proper understanding and the defendant City is responsible for any liability found for the acts and/or omissions of the defendant City of Waterbury Police Department, then plaintiff does not object to the Waterbury Police Department being removed from the case caption.**

As to the defendant's removal of the plaintiff, Isler Brown, the plaintiffs have complied with the Federal Rules of Civil Procedure and provided "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2).

The facts of this case are straight forward: Plaintiff Isler Brown is the father of the decedent. Shaneka N. Rose is the administratrix of the estate of Marcus Gregory Brown. Sometime between April 30, 2011 and May 1, 2011, Marcus Brown, an African-American male, presented himself at Saint Mary's Hospital in Waterbury, Connecticut, seeking

2

medical assistance, specifically from the hospital's Behavioral Health Care Services Department. Shortly after presenting himself in the emergency room of the hospital, an employee or employees of Saint Mary's Hospital called the Waterbury Police Department. Waterbury Police Department officers, including Police Officer Adrienne Sanchez, were dispatched to and arrived at Saint Mary's Hospital. When the police officers arrived, Marcus Brown was physically restrained, by employees of the Hospital before being transferred to Police Custody, who then handcuffed and placed the decedent into Officer Sanchez's police vehicle.

After being placed in Officer Sanchez's vehicle, Marcus Brown was struck by an electrical shock weapon. As a result of the electric shocks, Marcus Brown became unresponsive and was pronounced dead shortly thereafter. Shaneka Rose was subsequently appointed administratrix of the Estate of Marcus Gregory Brown.

Federal Rule of Civil Procedure 8(a) (2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "`give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200, 551 US 89, 167 L. Ed. 2d 1081 (2007). In addition, a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Ad-Hoc Committee v. Bernard M. Baruch College, 835 F.2d 980, 982 (2nd Cir. 1987).

The Courts have held that Rule 8(a) (2) "requires factual allegations sufficient `to raise a right to relief above the speculative level.'" Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir.2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plaintiff's allegations, as set forth in the complaint satisfies this requirement. Ashcroft, ___ U.S. at ___, 129 S.Ct at 1949; Twombly, 127 S.Ct. at 1965; see also Tatum v. Oberg, 650 F.Supp.2d 185, 190 (D.Conn 2009).

In ruling on a motion pursuant to Fed.R.Civ.P. 12(b) (6), the duty of a court "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." DiFolco v. MSNBC, LLC, 622 F.3d 104,113 (2nd Cir. 2010). "The court may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir.1997) (internal quotation omitted). The rules require the plaintiff to allege facts which show that there is recognizable cause of action. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 125 (2d Cir.2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Muria v. Hawkes, 328 F.3d 704, 706 (2nd Cir. 2003).

Without going through a recitation of each and every count of the complaint, the plaintiff's causes of action are ground in either common

law negligence claims, (Counts 1-5, 8) and statutory violations (Counts 6-7).

For the foregoing reasons, plaintiffs request this Honorable Court deny the defendant's motion.

Dated:     Bronx, New York
           June 4, 2012

**SONIN & GENIS, ESQS**

By: _____/s/_____
Abby M. Sonin, Esq.
**Attorneys for Plaintiff**
One Fordham Plaza, Suite 907
Bronx, New York 10458
(718) 561-4444
CT Fed Bar. No: ct28470
Email: Abby.Sonin@soningenis.com