Abby M. Sonin
Law Offices of Sonin & Genis
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANEKA N. ROSE, as ADMINISTRATRIX OF THE ESTATE OF MARCUS GREGORY BROWN,<br><br>　　　　　Plaintiffs<br><br>-against-<br><br>CITY OF WATERBURY, SAINT MARY'S HOSPITAL, P.O. ADRIENNE SANCHEZ, And "John Does I-XX", whose names and identities are not currently known.<br>　　　　　Defendants. | Case No.: 3-12-CV-0291-VLB<br><br>PLAINTIFF'S MOTION TO RECONSIDER THE DECISION OF MAY 28, 2013 OR IN THE ALTERNATIVE, STRIKE THE ANSWERS OF THE DEFENDANTS FOR FAILURE TO PROVIDE DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) |

NOW COMES the plaintiffs, SHANEKA N. ROSE, as ADMINISTRATRIX OF THE ESTATE OF MARCUS GREGORY BROWN, and respectfully requests this Honorable Court reconsider its decision of May 28, 2013, denying plaintiff's request for additional time to complete discovery. (Exhibit A). In the alternative, if this Honorable Court does not wish to extend the time to complete discovery, the

plaintiff respectfully asks that the defendants' answers be stricken for failure to provide automatic discovery pursuant to Fed.R.Civ.P. 26(a)(1).

This Honorable Court Issued a Scheduling Order on January 23, 2013, that had a discovery cut-off date of June 3, 2013. (Exhibit B). Plaintiff made a timely request for an extension of time to complete discovery on May 24, 2013. (Exhibit C). Defendants City of Waterbury and P.O. Adrienne Sanchez joined in this request. This request was denied. (Exhibit A).

Plaintiff respectfully submits that she has good cause for this request and respectfully requests that this Honorable Court reconsider its ruling and extend the discovery deadline for all parties or alternatively strike the Answers of the defendants for failing to furnish any required voluntary disclosure, in violation of Fed.R.Civ.P. 26(a) and this Honorable Court's Scheduling Order.

Due to automatic stays on discovery and other procedural impediments to conducting discovery that are set forth below, plaintiff did not actually receive all of the time to perform all discovery that was envisioned in the Scheduling Order. As set forth below,

plaintiff only had 16% of the time to conduct discovery set forth in the Scheduling Order.

Plaintiff furnished all mandatory voluntary disclosures on May 23, 2013, within the time frame as set forth in this Honorable Court's Order. (Exhibit D). Plaintiff not only served all mandatory disclosure at that time, but also responses to all discovery served upon her and served discovery on the defendants on that day.

It is manifestly unfair that the defendants failure to produce any required discovery should inure to their benefit and to the detriment of the plaintiff, who has served all such disclosure and demands, albeit towards the end of the time period because we were awaiting the voluntary disclosure from the defendants so that we could seek focused and not more generalized discovery.

Customarily our office serves our discovery demands and voluntary disclosure together as a package after receipt of the defendants' voluntary disclosure; this assists in our tailoring our demands, something made impossible herein because the defendants failed to furnish any voluntary disclosure. Because we were unable to serve "custom" demands, it was our intent to follow-up with further

discovery demands after receiving discovery from the defendants' responses, which as noted, was impossible due to the defendants' failure to produce any automatic and required voluntary disclosure.

That plaintiff served all of this disclosure within the timeframe but not earlier is also due to unforeseeable and personal health problems set forth below.

We respectfully submit that while any one of these issues would constitute an appropriate rationale to extend discovery, the sum total must surely qualify as good cause for a discovery extension.

## UNDERLYING FACTS

The facts of this case are straight forward: Plaintiff Shaneka N. Rose is the administratrix of the estate of Marcus Gregory Brown. Sometime between April 30, 2011 and May 1, 2011, Marcus Brown, an African-American male, presented himself at Saint Mary's Hospital in Waterbury, Connecticut, seeking medical assistance, specifically from the hospital's Behavioral Health Care Services Department.

Shortly after presenting himself in the emergency room of the hospital, an employee or employees of Saint Mary's Hospital called the Waterbury Police Department. Waterbury Police Department officers,

4

including Police Officer Adrienne Sanchez, were dispatched to and arrived at Saint Mary's Hospital.

When the police officers arrived Marcus Brown was already physically restrained, by employees of the Hospital before being transferred to Police Custody. Without a warrant, the police handcuffed Marcus Brown and placed the decedent into Officer Sanchez's police vehicle.

After being placed in the back of Officer Sanchez's vehicle, while still fully restrained with his hands cuffed behind his back, the police repeatedly shot Marcus Brown with what is commonly known as a "TASER", i.e. a weapon that shot needles into his body, which were connected by two thin wires to the an electrical battery in the weapon, which repeatedly inflicted high voltage electrical shocks and jolts into his body. As a result of the police repeatedly shooting an unarmed, fully restrained and handcuffed patient, who was already in the back seat of the police patrol car, with these high voltage charges, Marcus Brown became unresponsive and was pronounced dead shortly thereafter.

# PERTINENT PROCEDURAL HISTORY
# DISCOVERY STAYED BY MOTION PRACTICE IN LIEU OF ANSWERS

Plaintiff filed her initial complaint on February 29, 2012 (docket entry #1) and amended the complaint on March 14, 2012 (docket entry #6). On April 5, 2012, Saint Mary's Hospital filed a request for an extension of time to file an answer (docket entry #9). On April 10, 2012, this Honorable Court, sua sponte, granted the defendant's motion and gave the defendant until May 4, 2012 to file an answer. (Docket entry #10).

Saint Mary's Hospital filed a motion to dismiss in lieu of an answer on May 4, 2012. (Exhibit E). The City of Waterbury filed a motion to dismiss on May 14, 2012. (Exhibit F). The parties were unable to proceed with discovery while the motions were pending because the motions were filed <u>in lieu of answers</u> and therefore answers were not due until fourteen (14) days after the Court issued its ruling. Fed.R.Civ.P. 12(a)(4). Pursuant to Fed.R.Civ.P. 26(d)(1) discovery may not proceed until issue is fully joined by all defendants, which was February 6, 2013, which was fifteen (15) days after this Honorable Court's Scheduling Order was issued.

**Because Fed.R.Civ.P. 26(d)(1) does not permit discovery to proceed until the Rule 26(f) conference is held and a conference could not be held while a motion to dismiss was pending. Therefore, no discovery proceedings took place during this time.**

**Moreover, pending this Honorable Court's determination of the motions to dismiss, it was not clear what, if any, parties were to remain in this case, and what, if any, causes of action were to remain viable. Absent this Honorable Court's determinations, the parties were also unable to proceed as none of them wished to unnecessarily expend time and money on causes of action that were not judicially determined to be viable, and before issue had been fully joined.**

**On January 23, 2013, this Honorable Court issued a Scheduling Order and did so without the benefit of a case management conference or a Rule 26(f) case management plan. (Docket Entry #20). On February 6, 2013, fifteen (15) days *after* the Scheduling Order was issued, Defendant Saint Mary's filed its Answer. (Exhibit G). Pursuant to Fed.R.Civ.P. 26(d)(1) discovery may not proceed until issue is fully joined by all defendants.**

**Sixteen (16) days after St. Mary's interposed its Answer, on**

7

February 21 2013, this Honorable Court *sua sponte* Ordered the plaintiff to Show Cause as to why the case should not be dismissed. (Docket Entry #23). While on February 27, 2013, Plaintiff requested an extension of time to file said papers.[1] (Exhibit H), on March 1, 2013, Plaintiff filed timely opposing papers and a cross-motion to amend her pleadings. (Exhibit J). On March 21, 2013, this Honorable Court granted in part, and denied in part, Saint Mary's Motion of May 4, 2012 and Waterbury's Motion of May 14, 2012. (Exhibit K).

On April1, 2013, this Honorable Court granted plaintiff's cross-motion to amend the complaint and did not dismiss this case. (Exhibit L). In response to the April 1, 2013 Order issued, on May 7, 2013 plaintiff filed a further amended complaint. (Exhibit M). One week later, May 14, 2013, Saint Mary's filed a second motion to dismiss in lieu of filing an answer to the amended complaint. (Exhibit N). Once again, because of the defendant's filing a motion in lieu of an answer, the conditions necessary for a 26(f) conference could not be met and discovery could not proceed.

---

[1] **Said request was denied as moot on April 1, 2013. (Exhibit I)**

## **GOOD CAUSE- DEFENDANTS' MOTIONS HAVE PREVENTED DISCOVERY FROM GOING FORWARD**

**Thus, for the entire time period that the parties were supposed to engage in discovery, there were significant stays and impediments to them doing so. While this Honorable Court in its January 23, 2013 Order envisioned that the parties would have a one hundred and thirty one (131) days to conduct discovery, in actuality, because of the motion practice, we only got twenty two (22) days to do so, a loss of one hundred nine (109) days. An extension of time to conduct discovery would only give us the amount of time that this Honorable Court originally envisioned.**

**Since this matter was filed on February 29, 2012, an overwhelming majority of the time it has not been possible for discovery to go forward because of the motions that were filed in lieu of answers. From May 4, 2012, when Saint Mary's filed its motion in lieu of an answer until February 6, 2013 when it filed an answer in response to this Honorable Court's Order of January 23, 2013, 343 days passed, during which time we could not engage in discovery.**

**Between February 21, 2013, when this Honorable Court filed its Order to Show Cause, and April 1, 2013 when it denied its Order to**

Show Cause and granted the plaintiff's motion to amend, 39 days passed, during which time we could not engage in discovery. Seven (7) days passed from when the plaintiff filed her amended complaint and when the defendant again filed a motion in lieu of an answer. As of today, twenty (20) days have passed since the defendant filed a motion in lieu of answer.

Of the Four Hundred and Sixty Four (464) Days since this case was filed, Three Hundred and Eighty Nine (389) of those days discovery was not possible because of motions in lieu of answers and this Court's Order to Show Cause were pending. Plaintiff respectfully she has been deprived of 389 days to conduct discovery or 83% of her time to do so. Of the time envisioned by this Honorable Court's scheduling order, the plaintiff has been deprived of 84% of the time provided to conduct discovery.

## MORE GOOD CAUSE: UNFORESEEABLE ISSUES

Ms. Sonin's family was hard hit by hurricane Sandy on October 29, 2012. Her mother, sister, and nephew moved into Ms. Sonin's small two bedroom apartment after the hurricane, after being displaced from their homes. The apartment had already been occupied by Ms. Sonin,

her husband, and her one year old twin boys. Then during this time period and shortly after receiving the Answer from St. Mary's, your affiant's mother, Rita Sonin, was diagnosed with a serious heart condition which required her immediate attention, including daily monitoring and supervision, by your affiant. Said heart condition culminated in Rita Sonin undergoing life threatening heart surgery in recent weeks, and continues to require your affiants' daily attention, care, monitoring, and supervision.

During this entire time period, your affiant was attempting to care for her ailing mother, and your affiant's 1 year old twins, and your affiant's husband that required emergency knee surgery, all while managing her law practice.

Unfortunately, shortly after the Court's decision of April 1, 2013, your affirmant was also involved in a serious car crash. (Exhibit O, police report). As a result of this wreck, I sustained significant injuries and was severely limited in the amount of time I could work. I suffered Severe Post Concussion Syndrome, herniated disks in my neck and back impinging on nerve; injury to my left knee requiring a guided steroid injection, use of a cane, and physical therapy, and

**injury to her left shoulder for which an MRI is pending. My doctors ordered me not to work for several weeks. I am actively receiving medical treatment involving different modalities, and undergoing various diagnostic tests, all of which take place on an almost daily basis. As per the directions of my doctors, and my health, I was not able to work or go to my office for several weeks, and returned only on a part-time basis, and I have not appeared in any court until June 3, 2013 from the date of injury.**

**In addition to my constant pain and the mind numbing affects of my pain medications, my Post Concussion Syndrome (a mild form of a Traumatic Brain Injury), has caused me great difficulty in my ability to concentrate for any length of time. (Exhibit P Doctor's Notes).**

**Simultaneously, during the pertinent period, the only other attorney in our office that is admitted to practice law before this Honorable Court, Robert J. Genis (the Senior Partner and Trial Attorney), was preparing and conducting two trials back to back: a significant motor vehicle crash, involving surgical artificial lumbar disc replacement and a Traumatic Brain Injury, in the Supreme Court for Westchester County (<u>Fuentes v. Reca</u>, the Supreme Court for**

Westchester County Index # 27533/2009), and then a significant medical malpractice case in the Bronx Supreme Court, <u>DeMendez v. Chai Kulsakdinun, M.D, et. al.</u>, the Supreme Court for Bronx County, Index Number 20038/2004.[2] <u>DeMendez</u> was a case involving multiple expert witnesses and did not conclude until Friday afternoon on May 24, 2013 (Memorial Day Weekend).[3]

    Despite the foregoing, on May 23, 2013 and before the discovery deadline, plaintiff exercised diligence and served all voluntary disclosure, responses to discovery demands made by defendants, and discovery demands on the defendants. (Exhibit P).

---

[2] This matter was originally scheduled for trial at the beginning of March, 2013 and was referenced in the February 27, 2013 request for additional time to respond to this Court's Order to Show Cause. Because of the unavailability of Judge to hear the matter, it was adjourned by the Court to April, 2013.

[3] Genis was then scheduled to commence a *third* trial on Wednesday, May 29, 2013, <u>Carmen Cruz v. 1150 Realty, LLC</u>, Bronx Supreme Court Index Number 30208/2009, but due to shortage of jurors and judges, that case was postponed to June 4, 2013. And prior to being engaged in these 3 back to back trials, Genis was in court virtually every day or conducting depositions, a mediation in the 2nd Circuit on an ERISA case, and a police shooting civil rights case currently pending in the Northern District of New York.

**Defendants, however, in violation of both this Honorable Court's Order and Fed.R.Civ.P. 26(a), failed to furnish the mandatory and required disclosure.**

**Due to the confluence of events detailed herein, counsel for the plaintiff respectfully submits that we have offered "good cause" for seeking and extension of time for discovery and has been diligent, and has offered good cause for not being *more* diligent. Defendants, we respectfully submit, have NO good cause that would excuse their total lack of diligence.**

## LAW

**In accordance with Rule 16(b), the Court's scheduling order `shall not be modified except upon a showing of good cause.'"<u>Grochowski v. Phoenix Constr.</u>, 318 F.3d 80, 86 (2nd Cir. 2003) (quoting older versions of Federal Rules of Civil Procedure); <u>Holmes v. Grubman</u>, 568 F. 3d 329 (2nd Cir 2009).**

**The primary consideration to determine whether good cause exists "is whether the moving party can demonstrate diligence." <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 244 (2nd Cir.2007).**

14

As this Court noted in <u>Odom v. Matteo</u>, 772 F. Supp. 2d 377 (D. Conn 2011):

"`Good cause' requires a greater showing than `excusable neglect.' At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. The inquiry focuses on the moving party's reason for requesting the extension."

## ARGUMENT

Plaintiff respectfully submits that under the unique facts presented, she has exercised diligence and presented good cause for extending the discovery deadline. Plaintiff provided initial disclosures as required by Fed.R.Civ.P. 26, to all parties, as well as serving discovery demands upon the defendants, within the required timeframe and as soon as practicable under the circumstances. Defendants have failed to provide any required disclosure. Plaintiff responded to notices to admit by St. Mary's Hospital in March of 2013. Plaintiff, has propounded all requests for interrogatories to Defendants, and responded to all requests for interrogatories. We have also served deposition notices on both Defendants. We have not received any deposition notices from Defendants, and no depositions have been held.

**Counsel for Defendant, City of Waterbury, et al, *consents* to amending this courts scheduling order by extending discovery. Counsel for Defendant City of Waterbury Et al., and Affiant have continued to communicate during the discovery process. No party has completed discovery as per this Honorable Courts scheduling order. When Affiant contacted Counsel for Defendant, Saint Mary's Hospital regarding Plaintiffs request to extend the discovery deadline Counsel for Saint Mary's responded that they did not plan on participating in discovery.**

**In <u>Kassner v. 2nd Avenue Delicatessen</u>, 496 F.3d 229, 244(2nd Cir. 2007), the Court held that while "the primary consideration is whether the moving party can demonstrate diligence is not, however, the only consideration". In exercising discretion in accordance with Rule 16(b), the district court "consider(s) other relevant factors including , in particular, whether allowing the amendment of the pleadings at this stage of the litigation will prejudice defendants". <u>Id</u>.**

**In the instant case, Plaintiffs have good cause for seeking leave to amend this Honorable Court's scheduling order and there would be no prejudice to defendants. One defendant agreed to the amendment**

of the scheduling order and the other does not plan to participate in discovery.

The only party that will be prejudiced by halting discovery now is the plaintiff – a blameless child whose that lost a father due to the defendants negligence. Such a result would not be fair or equitable. The Federal Rules of Civil Procedure require that the rules be construed in a manner that "[t]he court should freely give leave when justice so requires" Fed.R.Civ.P. 15(a)(2). This decedent, through his attorneys, should be able to obtain all proper discovery and question all proper witnesses at depositions so that a trial on the merits, or a fair settlement, may be fairly held.

## CONCLUSION

Plaintiff urges this Honorable Court to reconsider its decision and view all of the facts that are now being presented on behalf of this application, including the unforeseeable and unique circumstances that occurred, as well as the need to promote fundamental fairness.

If the Court denies the request to extend the time for discovery, it would be manifestly unfair and unjust that the defendants, who failed to produce any required discovery, would benefit by their failure

to provide discovery. There must be a sanction against the defendants for their refusal to provide discovery as required by the Rules of Civil Procedure and this Honorable Court.

Plaintiff requests that this Honorable Court amend the Scheduling Order to extend the discovery deadline in the instant matter, or strike the Answers of the defendants for failing to furnish any of the required disclosure that Rule 26(a) and the Scheduling Order mandated.

Dated:   Bronx, New York
         June 4, 2013

                                        **SONIN & GENIS, ESQS**

                                        By: _____/s/_____
                                        Abby M. Sonin, Esq.
                                        Attorneys for Plaintiff
                                        One Fordham Plaza, Suite 907
                                        Bronx, New York 10458
                                        (718) 561-4444
                                        CT Fed Bar. No: ct28470
                                        Email:
                                        Abby.Sonin@soningenis.com