UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHANEKA R. ROSE, as ADMINISTRATRIX :
OF THE ESTATE OF MARCUS GREGORY :
BROWN                                :
     PLAINTIFF,                      :
                                     : CIVIL ACTION NO. 3:12cv291(VLB)
                                     :
     v.                              : JULY 31, 2013
                                     :
CITY OF WATERBURY ET AL.,            :
     DEFENDANTS.                     :


## ORDER GRANTING DEFENDANT SAINT MARY'S HOSPITAL'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO DISMISS [DKT. 35]


     Before the Court is the Defendant Saint Mary's Hospital's Motion to Strike Plaintiff's Second Amended Complaint, or in the Alternative, to Dismiss [Dkt. 35]. The Defendant seeks an order striking or dismissing Plaintiff's Second Amended Complaint [Dkt. 34]. As explained in more detain below, the Court dismisses Plaintiffs' Second Amended Complaint as it is in contravention of the Court's express orders, untimely, and insufficiently plead.

     The Court first sets forth the history of this case as it informs the Court's decision here. The Plaintiff commenced this action 17 months ago, on February 29, 2012. [Dkt. 1.] Plaintiff then filed an amended complaint on March 14, 2012 before any defendant filed a responsive pleading. [Dkt. 6.] Defendant Saint Mary's Hospital filed a motion to dismiss all claims plead against Saint Mary's Hospital on May 4, 2012. [Dkt. 14.] Defendants City of Waterbury and Adrian

1

Sanchez filed a partial motion to dismiss on May 14, 2012.[1]  Plaintiff filed a motion to amend its complaint on March 1, 2013, while the motions to dismiss were still pending.[2]  [Dkt. 28.] On March 21, 2013, the Court entered the Order granting in part and denying in part the Defendants' motions to dismiss. [Dkt. 30.] In the March 21, 2013 Order, this Court ruled that Plaintiff's false arrest, false imprisonment, assault, battery, Section 1983, negligence, and wrongful death claims directed at Saint Mary's Hospital were dismissed, stating the reasons for the ruling. [Dkt. 30.] The wrongful death and Section 1983 claims against Saint Mary's Hospital were dismissed without leave to replead as to do so would have been futile. [Dkt. 30 at 13-14, 19, 21.] The Court granted Plaintiff leave to replead the false arrest, false imprisonment, assault, battery, and negligence claims against Saint Mary's Hospital, consistent with the ruling, and gave the Plaintiff 21 days to file the amended complaint containing the replead claims. [Dkt. 30 at 15, 18, 21]. Plaintiff did not file the Second Amended Complaint by the deadline set by the Court, did not file a motion for extension of time and did not seek leave of the Court to file a second amended complaint after the deadline set by the court. Plaintiff has not shown good cause for the failure to comply with the Court's

[1] Defendant Waterbury Police Department was included in the briefing on this motion to dismiss, and was dismissed from the action as a result of this motion. The Waterbury Police Department is no longer a party to this action. [Dkt. 30, Mem. Of Decision Granting in Part and Denying in Part Defendants' Motions to Dismiss, at 20.]

[2] Plaintiff's March 1, 2013 Motion to Amend/Correct the Complaint was granted on April 1, 2013. [Dkt. 33.] However, the Order granting Plaintiff's March 1, 2013 Motion to Amend/Correct did not extend Plaintiff's time in which to replead in compliance with the Court's March 21, 2013 Order on the Defendants' motions to dismiss, as Plaintiff was given leave to amend their complaint "in line with [the March 21, 2013 Order]." [Dkt. 33.]

deadline. Twenty-six days after the expiration of the deadline and without leave to do so, the Plaintiffs filed an amended complaint. [Dkt. 34.]   Moreover, as discussed during the July 25, 2013 status conference, the Second Amended Complaint contains claims dismissed by the Court's March 21, 2013 Order, in substantially the same form in direct contravention of the Court's dismissal order. For example, the Second Amended Complaint repleads a wrongful death claim against Saint Mary's Hospital, [Dkt. 34 at 27-28], despite the fact that this Court explicitly dismissed that claim against Saint Mary's Hospital without leave to replead in the Court's March 21, 2013 Order, [Dkt. 30 at 19]. The Second Amended Complaint also contains undifferentiated claims against parties whose liability is predicated on different legal theories and whose duties derive from different legal principles, resulting in a lack of clarity and particularity.  Finally, the claims are plead in hyperbolic generalities devoid of the factual content necessary to make them plausible.

Turning to the applicable legal principles, first, a plaintiff may not amend its complaint at will.  Notably, the first federal rule of civil procedure states "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81 [governing special types of proceedings not germane here]. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.

3

R. Civ. P. 15(a)(2). Thus, where a party files an amended complaint where leave or consent is required and no leave or consent has been given, the complaint has no legal force or effect.

It is axiomatic that the Court has the authority to manage its docket by, among other things, setting and enforcing deadlines. *Cf. Werking v. Andrews*, No. 12-3277-cv, 2013 U.S. App. LEXIS 9039, at *3 (2d Cir. May 3, 2013) ("a party must show 'good cause' to amend his or her complaint if the motion is filed after the deadline imposed by the district court in its scheduling order") (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-41 (2d Cir. 2000) (abrogated in part on other grounds as noted in *Saviano v. Town of Westport*, No. 3:04-cv-522, 2011 U.S. Dist. LEXIS 112722, at *19 n.13 (D. Conn. Sept. 30, 2011))); *Hunt v. CNH Am. LLC*, No. 12-1301-cv, 2013 U.S. App. LEXIS 2533, at *5-6 (2d Cir. Feb. 6, 2013). Thus, where a party files an amended complaint where leave is required and no leave has been given to file the complaint on the date the complaint is filed, the untimely complaint has no legal force or effect.

To the extent such complaint has legal force and effect, "[I]t is within the sound discretion of the district court to grant or deny leave to amend," stripping it of such usurped force and effect, whether because it is not authorized, untimely or legally insufficient. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2006) (citation omitted). The Supreme Court has held that leave to amend should be freely granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

4

to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  These considerations are consistent with the first and all-encompassing rule that the court secure the just, speedy, and inexpensive determination of every action and proceeding.

 Denial of leave to amend further is firmly grounded in the jurisprudence of this circuit. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming the district court's decision to deny plaintiff leave to amend the complaint where plaintiff sought to amend complaint to add a new claim that plaintiff could have alleged in the original complaint, and plaintiff had already twice amended their complaint, and the motion to amend was made "more than 17 months after bringing suit, more than six months after filing their second amended complaint, . . .").

 More to the point, the facts of this case support dismissal of the Plaintiff's Second Amended Complaint, to the extent such complaint, filed without leave of the Court, has any legal effect. The Second Circuit's decision affirming the district court's decision to deny leave to amend in *Gorham-DiMaggio v. Countrywide Home Loans, Inc.* 421 Fed. Appx. 97 (2d Cir. 2011), is instructive.  Noting that leave to amend should be "freely given when justice so requires," the court stated that it has long made clear that a district court properly denies such a motion where it finds that the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, 421 Fed. Appx. At 101, citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002). The court upheld the denial of leave to amend where the magistrate judge determined

5

that the proposed amendments consisted of   word-for-word reiterations of pleadings already dismissed by the district court, and several new causes of action each of which failed to state a claim as a matter of law.  *Id.*  Those facts are on all four squares with the present case.  This Court dismissed claims asserted in the first amended complaint and the Plaintiff replead the same claims in its Second Amended Complaint in direct contravention of the Court's order granting leave to amend.  Applying the law to facts similar to those presented here, the magistrate judge in *Gorham-DiMaggio* concluded that the amendment would be "futile." 421 Fed. Appx. at 101.

On appeal, the plaintiff in *Gorham-DiMaggio* did not dispute the magistrate judge's findings, but instead, contended that the magistrate judge, rather than denying leave to amend on these grounds, should instead have provided counsel with instructions on how to replead properly, without identifying any authority for the proposition that a court has no obligation to provide instructions to a counseled litigant on how to properly plead a cause of action.  *Id.* The appellate court upheld the denial of leave to amend.  Here, the Court provided Plaintiff with instructions, and Plaintiff ignored the instructions.  In this ruling the Court once again provides guidance.

Additionally, Plaintiff's Second Amended Complaint was filed 26 days after the deadline set by the Court in its ruling on the Defendants' motions to dismiss. Plaintiff did not ask the Court for leave to file the amended complaint nearly one month after the deadline set by the Court, nor did Plaintiff provide good cause for

the failure to file on time.[3]   For all of the above reasons, the Court grants Defendant Saint Mary's Hospital's motion to dismiss Plaintiff's untimely and impermissible Second Amended Complaint.

The Court would be remiss if it did not note that the Second Amended Complaint is subject to dismissal on the basis asserted by Saint Mary's Hospital that the claims are insufficiently plead.  It is well established that a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556); *see also, AEP Energy Services Gas Holding Co. v. Bank of America, N.A.,* 626 F.3d 699, 726-27 (2d Cir. 2010) (holding that leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact) (citation omitted); *Prasad v. City of New York*, 370 Fed. Appx. 163, 165 (2d Cir. 2010) (holding that it was within discretion of district court to deny nightclub and owner further leave to amend complaint alleging violation of First, Fourth and Fourteenth Amendments, § 1981, § 1983 and § 1985, where

---

[3] Plaintiff filed a memorandum in opposition to Defendant Saint Mary's Hospital's motion to strike, but did not respond to Defendant's timeliness argument.  [Dkt. 40.]

7

plaintiffs had already amended complaint once and failed to show that amendment would cure defects in pleading). Under that standard, Plaintiffs must plead claims against each defendant, or at least each category of defendants, individually or separately with particularized facts plausibly establishing the asserted cause of action. Any claim asserted under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. 1395dd (2013), must state with particularity the facts constituting the asserted cause of action, including the conditions which triggered liability under the Act. Thus for example, it is insufficient for Plaintiff to plead only that its decedent went to and was turned away by St. Mary's Hospital.  Instead, to make out a claim under EMTALA, Plaintiffs must plead facts plausibly establishing that their decedent presented at the hospital under conditions triggering a duty under that Act which was not discharged.

In recognition of the seriousness of the claims, this order of dismissal is without prejudice to Plaintiff filing a motion for leave to amend the complaint, provided that should Plaintiff seek to amend the complaint, it must accompany its motion for leave to amend with the proposed third amended complaint and such third amended complaint must comply with the Court's prior orders and with the applicable pleading standards, including those set forth herein.  In addition, any motion seeking leave to amend, together with the proposed third amended complaint, must be filed with this Court not later than fourteen (14) days of the date of this order.  Thus the Court will not entertain and will summarily deny any

motion for leave to amend which is either not accompanied by a proposed third amended complaint or which is not filed on or before August 14, 2013.

In the event that Plaintiff fails to file a motion for leave to amend the complaint, or if a motion for leave to amend the complaint is denied, the dismissal of the claims dismissed in the Court's Order on the Defendants' motions to dismiss [Dkt. 30] will stand, and the case will proceed with the remaining parties and the claims that survived the Defendants' motions to dismiss.

If Plaintiff fails on what would be their fourth attempt to draft and seek leave to file a complaint which conforms to the law timely, further leave to amend would likely be deemed futile.   In addition, given the age of the case, the nebulousness of the pleading to date, the multiplicity of complaints, the Plaintiffs' disregard of prior Court orders, the Plaintiffs' failure to meet the Court's filing deadline, the multiplicity of  motions to dismiss necessitated by the foregoing and the fact that the Defendants have been forced to litigate the case without knowing the Plaintiff's claims for more than a year and one half, a failure to file a legally sufficient third amended complaint timely may result in a finding of undue prejudice to the Defendants. The Court urges the Plaintiffs to take care should they seek to file a motion for leave to file a third amended complaint, ON OR BEFORE AUGUST 14, 2013, and to conduct the requisite factual and legal research prior to filing such a motion and proposed third amended complaint as the failure to do so will likely warrant a denial of any future request for leave to do so.

**9**

**IT IS SO ORDERED.**


**_____/s/_____**
**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut: JULY 31, 2013**

**10**